29128. TODD *v.* LOTT BUILDERS SUPPLY COMPANY.

DECIDED NOVEMBER 26, 1941.

*Mingledorff & Roberts, R. A. Moore,* for plaintiff.
*H. J. Quincey, Sapp & Barnes,* for defendant.

FELTON, J. C. L. Lott, Joe Fillingham, and Earl Ricketson, co-partners trading under the firm name of Lott Builders Supply Company, filed an action on open account against W. C. Todd in the city court of Douglas. The defendant answered, denying the

indebtedness and alleging that he did not contract the account nor authorize any one to contract it for him; that he did not thereafter assume the same or agree to pay it or any part of it. The jury found for the plaintiff. The defendant excepted to the overruling of his amended motion for new trial.

The plaintiff introduced evidence, which if believed by the jury would have authorized the finding that the defendant authorized J. M. Smith, who had built several houses and buildings for the defendant, and who had bought materials and supplies from the plaintiff as defendant's agent, to purchase materials and supplies for two houses, which Smith was building for himself, on the credit of the defendant. The plaintiff also contended that if there was no such authority given to Smith by the defendant he was nevertheless bound for the account by virtue of a letter written to the plaintiff with reference to the account in which defendant was alleged to have promised to pay the account in a few days, which promise the defendant contended was forged. There was no evidence of a consideration for the promise to pay the account other than that the defendant was originally bound by the alleged authority given to Smith. The only material question in the case was whether the defendant authorized Smith to buy the material for Smith's houses on the defendant's credit.

Error is assigned on the following charge of the court: "Now, I will charge you further that after these goods were sold and delivered, there has been a writing introduced in evidence which was done, alleged to have been done after they were delivered, and for Mr. Todd to be bound on that writing it would be necessary for you to find that Jim Smith contracted with him or that he contracted with Jim Smith to pay C. L. Lott. If he did make such a contract that would be a valid consideration to support such a promise in writing if one was made. Mr. Todd denies that he made this promise in writing. The plaintiff contends that he did. It would be your duty to determine whether or not it was made, and if you find it was not made, then Mr. Todd would only be liable in case you should find there was agency in the case. If you find that there was a valid consideration flowing from Jim Smith to Mr. Todd to support the alleged promise to pay, and further find that the promise to pay was made, as contended by plaintiff, then you could find in favor of the plaintiff even though

you find there was no relationship of agency in the case." This charge was error for the reason that there was but one issue in the case; that was whether the defendant authorized Smith to purchase the goods on his, the defendant's, credit. There was no evidence of a consideration for the alleged promise of the defendant to pay the bill. If the jury had found that no authority was given to Smith the plaintiff would not have been entitled to recover under the evidence. There was no evidence of a ratification of Smith's acts by the defendant after knowledge of all the facts.

There is no merit in any of the other assignments of error. The court erred in overruling the motion for new trial.

*Judgment reversed. Stephens, P. J., concurs. Sutton, J., dissents.*